UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WAYNE D. CROSBY,
   Petitioner,

v.                                                                     CIVIL ACTION NO.
                                                                       10-10041-PBS

DUANE J. MACEACHERN,
   Respondent.

**REPORT AND RECOMMENDATION RE:**
**CERTIFICATE OF APPEALABILITY AND MOTION**
**TO VACATE DISMISSAL**
**(DOCKET ENTRY # 29)**

**May 31, 2011**

**BOWLER, U.S.M.J.**

    On March 31, 2011, petitioner Wayne D. Crosby ("petitioner"), an inmate at the Old Colony Correctional Center ("OCCC") in Shirley, Massachusetts, filed an objection to this court's March 31, 2011 Report and Recommendation.[1] (Docket Entry # 29). The opinion recommended that the district judge deny issuance of a certificate of appealability ("COA"). (Docket Entry # 28). Along with the objection and in the same filing, petitioner moves to vacate the court's order dismissing this

---

[1] This court filed the Report and Recommendation at 3:21 p.m. on March 31, 2011. Petitioner filed the objection five hours later at 8:35 p.m.

habeas petition as untimely under the one year statute of limitations applicable to petitions under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d) ("section 2244(d)"). (Docket Entry # 29).[2]

On April 5, 2011, the court reserved its consideration of the Report and Recommendation and referred the petition back to this court to consider the argument petitioner raises in the objection and the motion to vacate (Docket Entry # 29), to wit, whether the pendency of a 2001 motion to revise and revoke that petitioner filed in the trial under Rule 29, Mass. R. Crim. P. ("Rule 29"), tolls the one year statute of limitations. See 28 U.S.C. § 2244(d)(2). Petitioner argues that neither the district judge nor this court "considered his case in light of the Supreme Court's recent decision in Wall v. Kholi," 131 S.Ct. 1278, 1285-1287 (2011). (Docket Entry # 29). The Kholi Court held that a motion to reduce a sentence filed under Rhode Island law was an application for "collateral review" within the meaning of section 2244(d)(2) that triggers the tolling provision. Wall v. Kholi, 131 S.Ct. at 1287 ("hold[ing] that a motion to reduce sentence under Rhode Island law is an application for 'collateral review'

---

[2] The court referred the motion to vacate to this court for a report and recommendation.

that triggers AEDPA's tolling provision"). Petitioner therefore argues that his Rule 29 motion to revise and revoke the sentence, which remains pending in the trial court, is similar to the Rhode Island motion in <u>Kholi</u> and therefore tolls the one year period making this petition timely filed. (Docket Entry # 29).

Respondent Duane J. MacEachern ("respondent"), Superintendent of OCCC, raises three arguments in reply. (Docket Entry # 33). First, he maintains that petitioner waived the argument by raising it for the first time at this juncture. Second, because the argument was available well before petitioner opposed respondent's motion to dismiss, respondent submits that the argument cannot form the basis for the motion to vacate filed under Rule 60(b)(6), Fed. R. Civ. P. ("Rule 60(b)(6)"). Third, respondent contends that the motion to revise and revoke was not "properly filed" within the meaning of section 2244(d)(2) because it did not have a supporting affidavit or any reason which Massachusetts law requires. <u>See</u> <u>Commonwealth v. DeJesus</u>, 795 N.E.2d 547, 549 (Mass. 2003) (Rule 29 motion lacked "supporting affidavit or" any reason until a later supplemental filing 18 months later was "not properly filed within the rule's time limit" and lower court therefore lacked "jurisdiction to consider it").

3

BACKGROUND

On August 15, 2001, a jury sitting in the trial court convicted petitioner of aggravated rape (two counts), kidnapping, assault and battery, threat to commit a crime, violation of a Massachusetts General Laws chapter 209A restraining order and possession of a Class B controlled substance. The victim was petitioner's former wife.

On the same day, the trial court imposed a 30 to 35 year sentence on one of the convictions of aggravated rape and a life sentence on the other conviction of aggravated rape to run from and after the first sentence. Petitioner received a life sentence on the kidnapping conviction to run from and after the 30 to 35 year sentence and concurrent with the life sentence on the other aggravated rape sentence. The trial court imposed a two and a half year sentence in the House of Correction on the assault and battery conviction to run concurrently with the 30 to 35 year sentence and a six month sentence in the House of Correction on the threat to commit a crime conviction also to run concurrently with the 30 to 35 year sentence. Petitioner received another two and a half year sentence in the House of Correction on the chapter 209A conviction to run concurrently with the 30 to 35 year sentence. The trial court imposed a one

year sentence in the House of Correction on the drug conviction to run concurrently with the 30 to 35 year sentence.

Notably for present purposes, petitioner filed the Rule 29 motion to revise and revoke the sentence on August 15, 2001. The motion itself therefore fell within the 60 day time limit prescribed in Rule 29. <u>See</u> Rule 29(a), Mass. R. Crim. P. The motion did not include any supporting affidavit. It also did not include any reason to support the motion. In fact, the one sentence motion simply stated, "Pursuant to Rule 29 of the Massachusetts Rules of Criminal Procedure, the defendant hereby requests that this court revoke and revise the sentence imposed on August 15, 2001, (Connolly, J.)." (Docket Entry # 31). The trial court never acted on the motion.

On August 15, 2001, petitioner also filed a notice of appeal of the conviction and another notice of appeal of the sentence to the Massachusetts Correctional Institution Cedar Junction. Petitioner filed the latter notice of appeal for review of the sentence in the appellate division of the superior court for the review of sentences ("the appellate division") pursuant to section 28A of Massachusetts General Laws chapter 278. On August 21, 2003, the appellate division dismissed the appeal and let the sentences stand.

On January 20, 2004, during the pendency of the direct appeal, petitioner filed a motion for a new trial in the trial court. After a number of extensions of time, the Commonwealth filed an opposition to the motion for a new trial on June 23, 2004.

Meanwhile, delays and difficulties ensued in preparing the trial transcript. The Massachusetts Appeals Court ("the appeals court") entered a number of stays of the direct appeal on petitioner's motions. On April 20, 2005, however, the appeals court denied a renewed motion for a stay accompanied by an amended status report with the explanation that, "judicial economy is not served by a continued stay of proceedings." (Docket Entry # 8, Add. 18). The appeals court ordered petitioner to file an appellate brief by June 6, 2005, and petitioner complied.

On March 27, 2006, the trial court issued a Memorandum and Order denying the motion for a new trial. (Docket Entry # 8, Add. 12). On April 20, 2006, petitioner filed a motion to reconsider the denial of the new trial motion with the trial court.

On August 4, 2006, the appeals court issued a Memorandum and Order on direct appeal affirming the convictions. Commonwealth

v. Crosby, 2006 WL 2240473 (Mass.App.Ct. Aug. 4, 2006). Petitioner filed a timely application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). On September 28, 2006, the SJC denied the ALOFAR. The 90 day period for filing certiorari on direct review in the Supreme Court expired on December 27, 2006.

The collateral attack remained pending in the trial court after the conclusion of the direct appeal. On March 29, 2007, the trial court denied the motion for reconsideration and a supplemental motion for reconsideration. On April 17, 2007, petitioner filed a timely notice of appeal. The trial court appointed counsel in conjunction with the collateral appeal on May 18, 2007.

On October 6, 2008, the appeals court affirmed the denials of the new trial motion and the motion for reconsideration. Commonwealth v. Crosby, 2008 WL 4453314 (Mass.App.Ct. Oct. 6, 2008). On October 23, 2008, petitioner filed a timely ALOFAR with the SJC. (Docket Entry # 8, Add. 25). On November 25, 2008, the SJC denied the ALOFAR.

Represented by counsel, petitioner filed this petition more than one year later on January 12, 2010. With respect to the timeliness question in the form petition, petitioner explained

7

that section 2244(d) does not bar the petition because the judgment "becomes final in February of 2010." (Docket Entry # 1, ¶ 18).

On March 15, 2010, respondent filed a motion to dismiss the petition as untimely under section 2244(d). The accompanying filings included the trial court's docket showing the pendency of the Rule 29 motion to revise and revoke. The seven page supporting memorandum to the motion to dismiss argued, albeit in a footnote, that the Rule 29 motion to revise and revoke "was not properly filed" and therefore irrelevant. Represented by counsel, the opposition did not address this argument. Instead, petitioner argued that: (1) the 90 day period for seeking certiorari in the Supreme Court applied to the November 25, 2008 denial of the second ALOFAR on collateral review because petitioner never received the benefit of the 90 day period when the SJC denied the first ALOFAR on direct appeal given the pendency at that time of the state collateral proceedings; and (2) equitable tolling is appropriate. (Docket Entry ## 12, 14 & 15).

On October 28, 2010, this court issued a Report and Recommendation recommending allowing the motion to dismiss and dismissing the petition as untimely. In addition to citing and

8

quoting David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) ("[n]othing in the language or policy of [section 2244(d)(2)] warrants adding to the excluded period an additional period during which the petitioner could have, *but did not*, seek certiorari in the Supreme Court from the denial of collateral remedies"), this court explained that the contrasting language of section 2244(d)(1)(A) and section 2244(d)(2) established that section 2244(d)(2)'s tolling provision did not add the 90 day certiorari period to applications for collateral review.

Undeterred, petitioner, represented by the same counsel, filed objections to the Report and Recommendation with the district judge. The objections, which attempted to distinguish David, did not argue that the Rule 29 motion to revise and revoke constituted "collateral review" under section 2244(d)(2) thereby tolling the one year period. (Docket Entry # 20). On January 5, 2011, after reviewing the objections, the district judge adopted the Report and Recommendation. The court entered the Order of Dismissal on January 6, 2011.

Represented by the same counsel, petitioner filed a notice of appeal of the dismissal on January 11, 2011. Counsel also filed a notice to withdraw on January 11, 2011. Three days later, the court allowed counsel's motion to withdraw.

9

On February 7, 2011, the First Circuit ordered the district court to issue or deny a COA. One week later, the district judge referred the matter to this court. Petitioner's new counsel filed a notice of appearance on March 25, 2011.[3] On March 31, 2011, this court issued the aforementioned Report and Recommendation recommending denying a COA. A few hours later, petitioner, represented by new counsel, raised for the first time the argument that the pendency of the Rule 29 motion to revise and revoke tolled the one year period under section 2244(d)(2)'s tolling provision and in accordance with the Kholi decision. (Docket Entry # 29). The argument impacts the recommendation to deny a COA and the viability of the Rule 60(b)(6) motion to vacate.

DISCUSSION

A. Standard for Issuance of COA

As stated in the March 31, 2011 Report and Recommendation, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[3] Although not particularly relevant, new counsel also represented petitioner during the direct appeal in state court. (Docket Entry # 1, ¶ 16(e)).

2253(c)(2). "The standard for a COA depends upon whether the original petition was denied on substantive or procedural grounds." St. Germain v. Corsini, 2010 WL 4909598, *1 (D.Mass. Nov. 24, 2010) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where, as here, the district court denied the petition "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows" that (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and" (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484; accord In re Smith, 436 F.3d 9, 10 (1st Cir. 2006) ("the petitioner must show both that 'the soundness of the procedural ruling is debatable, and that the underlying constitutional claim is also colorable'") (internal citation, ellipses and brackets omitted). The Supreme Court in Slack "encourages the court to first resolve procedural issues." Slack v. McDaniel, 529 U.S. at 485; see In re Smith, 436 F.3d at 10 (turning first to the procedural issue "as the Supreme Court has encouraged lower courts to do") (citing Slack, 529 U.S. at 485).

B.  Standard of Review of Rule 60(b)(6) Motion

11

Citing no other subsection of Rule 60, petitioner relies exclusively on Rule 60(b)(6). (Docket Entry # 29). Rule 60(b)(6) "is a catch-all provision" that allows relief from an order of dismissal "for 'any other reason that justifies relief.'" Ungar v. Palestine Liberation Organization, 599 F.3d 79, 83 (1st Cir. 2010) (quoting Rule 60(b)(6)). To succeed on a Rule 60(b)(6) motion, "'There must exist "exceptional" circumstances that justify "extraordinary" relief.'" U.S. v. 6 Fox Street, 480 F.3d 38, 45-46 (1st Cir. 2007) (quoting Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997)); accord Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 27 (1st Cir. 2006) ("[i]t is fundamental that Rule 60(b) 'provides for extraordinary relief, [and] a motion thereunder may be granted only under exceptional circumstances'"). Moreover, "'clause (6) and clauses (1) through (5) of Rule 60(b) are mutually exclusive.'" Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir. 1992) (quoting Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)) (internal brackets omitted).

C. Waiver

Respondent first maintains that petitioner waived the argument. Petitioner did not raise the Rule 29 argument in

12

opposition to respondent's March 2010 motion to dismiss. Petitioner did not raise the argument as an objection to the October 2010 Report and Recommendation.

The argument was available. Indeed, respondent identified the argument in the supporting memorandum to the motion to dismiss. Moreover, the First Circuit decided Wall v. Kholi, 582 F.3d 147 (1st Cir. 2009), on September 23, 2009. The opinion, which the Supreme Court affirmed, Wall v. Kholi, 131 S.Ct. 1278 (2011), considered it "self-evident that a motion for a sentence reduction in the nature of a plea for discretionary leniency is a motion that seeks post-conviction 'review' of a sentence and, thus, is a motion that falls squarely within the plain meaning of section 2244(d)(2)." Wall v. Kholi, 582 F.3d at 153.

Principles of waiver therefore bar petitioner from raising the argument for the first time after the opposition to the motion to dismiss, after the objections to the October 2010 Report and Recommendation, after the dismissal order, after the notice of appeal and after this court's recommendation to deny a COA. In the context of an appeal, "'only those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection[s] are precluded on appeal.'" School Union No. 37 v.

13

United National Insurance Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secretary of Health & Human Services, 848 F.2d 271, 275 (1st Cir. 1988))). Furthermore, the First Circuit has "on numerous occasions warned litigants that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" Braintree Laboratories, Inc. v. Citigroup Global Markets Inc., 622 F.3d 36, 43-44 (1st Cir. 2010); accord Soto-Fonalledas v. Ritz Carlton San Juan Hotel Spa & Casino, 2011 WL 1675282, *6 n.2 (1st Cir. May 4, 2011) (same); Barros-Villahermosa v. U.S., 2011 WL 1447743, *3 (1st Cir. April 15, 2011) (same); Federal Trade Commission v. Direct Marketing Concepts, Inc., 624 F.3d 1, 8 (1st Cir. 2010) (same); Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 n.8 (1st Cir. 2009). Similar waiver principles apply in the district court. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("district court is free to disregard arguments that are not adequately developed"); see, e.g., In re Pharmaceutical Industry Average Wholesale Price Litigation, 588 F.3d 24, 31, (1st Cir. 2009) ("district court properly held that anything raised in [prior] pleading that Howe did not explain in the reply brief was waived"); see generally U.S. v. Dyer, 589 F.3d 520, 527 (1st Cir. 2009) (before "district court, Dyer never

used the term 'specific intent' to set forth the legal requirements for applying § 2G2.4(c)(2), and has waived the argument"). Nor is this a situation in which petitioner, although incarcerated, was proceeding pro se. See Kholi v. Wall, 582 F.3d at 150. In short, petitioner's waiver of the Rule 29 argument precludes consideration of the argument by this court at this juncture in the proceedings.

D. The Supreme Court's Kholi Decision

In the alternative, the reason petitioner advances to consider the argument is without merit. The Kholi decision did not address the additional language in section 2244(d)(2) that requires the application for collateral review to be "properly filed" in the state court. Rather, the decision addressed the meaning of "collateral review" in section 2244(d)(2). See Kholi v. Wall, 131 S.Ct. at 1285-1287. Accepting that the Rule 29 motion to revise and revoke was an application for "collateral review" in accordance with the Kholi decision, see id., the fact remains that the motion was not "properly filed" within the meaning of section 2244(d)(2).

Section 2244(d)(2) tolls the one year period only during the time a "properly filed" post-conviction state application for collateral review is pending. 28 U.S.C. § 2244(d)(2); Pace v.

15

DiGuglielmo, 544 U.S. 408, 410 (2005). The statutory language states that:

> The time period during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). An application for post-conviction review or for collateral review "is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id.

In the case at bar, the applicable rule is Rule 29(b) which states in mandatory terms that a defendant shall file and serve an affidavit to support a motion to revise or revoke.[4] Rule

---

[4] The provision reads:

> (b) Affidavits. If a defendant files a motion pursuant to this rule, he shall file and serve and the prosecutor may file and serve affidavits in support of their respective positions. The judge may rule on a motion filed pursuant to this rule on the basis of facts alleged in the affidavits without further hearing.

Rule 29(b), Fed. R. Civ. P.

16

29(a) also prescribes a 60 day time period after imposition of the sentence within which to file the motion and the supporting affidavit.

Massachusetts law requires a supporting affidavit or a reason to support a Rule 29 motion filed within the 60 day time period. See Commonwealth v. DeJesus, 795 N.E.2d at 549. In DeJesus, the defendant filed a Rule 29 motion within the 60 day time period. Id. "The motion did not include a supporting affidavit, nor did it provide any reasons." Id. Because the motion lacked support by affidavit or by including a reason, the court found it "inadequate for purposes of [Rule 29]" and "therefore not properly filed within the rule's time limit, and the District Court judge did not have jurisdiction to consider it." Id.

Here too, although petitioner filed the brevis Rule 29 motion within 60 days of the sentence, the motion is devoid of support. It fails to contain a supporting affidavit and it fails to contain any reason to support the motion. As such, it is not properly filed within the 60 day time period for purposes of Rule 29. See Id. Artuz then instructs that the motion is also not "properly filed" within the meaning of section 2244(d)(2).

In sum, petitioner's Rule 29 argument does not provide an

17

adequate basis to reopen the January 6, 2011 Order of Dismissal under Rule 60(b)(6). Rule 60(b)(6) does not provide relief for prior counsel's failure to raise the argument which is now waived. Considering the Rule 29 argument, jurists of reason would not find the procedural ruling on the statute of limitations debatable. Likewise, for all of the reasons set forth in the March 31, 2011 Report and Recommendation, jurists would not find the procedural ruling debatable. Issuance of a COA remains inadvisable.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[5] that the court **DENY** a COA and that the motion to vacate (Docket Entry # 29) be **DENIED**.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.