```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

WAYNE CROSBY,
        Petitioner,
                                          CIVIL ACTION
        V.                                NO. 10-10041-PBS
                                          (USCA No. 11-1046)

STEVEN J. O'BRIEN, SUPERINTENDENT
        Respondent.

                 <u>ORDER ON MOTION FOR LEAVE TO PROCEED
                    ON APPEAL *IN FORMA PAUPERIS*</u>
                            July 5, 2011
SARIS, D.J.

## I. Introduction

On January 11, 2011, petitioner Wayne Crosby ("Crosby") filed a Notice of Appeal (Docket No. 22) of the dismissal of his habeas petition.

Thereafter, on March 25, 2011, Crosby filed, through his counsel, Michael A. Nam-Krane, Esq., a Motion for Leave to Proceed on Appeal *in forma pauperis* (Docket No 27). No financial affidavit signed by Crosby was attached to the motion, nor was his certified prison account statement submitted. Rather, Crosby's counsel simply claimed that Crosby previously was determined to be indigent (presumably by the Commonwealth of Massachusetts state court), and that counsel had been assigned to represent Crosby in the federal habeas action by the Massachusetts Committee for Public Counsel Services (a state agency that represents only the indigent).

## II. Discussion

Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a person moving for leave to appeal *in forma pauperis* must attach to his motion an affidavit that: "(A) shows in the

detail prescribed by Form 4 of the Appendix of Forms [to the Federal Rules of Appellate Procedure] the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Further, where the appellant is a prisoner, he is required to submit a statement of his finances signed under the penalties of perjury, see 28 U.S.C. § 1915(a)(1), along with "a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the ... notice of appeal." 28 U.S.C. § 1915(a)(2).[1]

Here, as noted above, Crosby failed to submit both his financial affidavit and his certified prison account statement as required. Without this information, the Court cannot grant the motion to appeal *in forma pauperis.* Neither counsel's assertions that Crosby is indigent, nor the assertions that he has been appointed counsel satisfy the statutory requirements for

---

[1] The affidavit requirement contained in the *in forma pauperis* statute serves a deterrent function. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993). In Rowland, the United States Supreme Court stated: "[o]ne who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Id. at 205 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338, (1948) quoting Pothier v. Rodman, 261 U.S. 307, 309 (1923)). The perjury sanction is an important requirement in protecting the public against misuse of public funds by a litigant who has sufficient funds of his or her own, and against the filing of "frivolous or malicious" lawsuits funded by the public. Rowland, 506 U.S. at 205.

2

proceeding *in forma pauperis* on appeal.

### III. Conclusion

In light of the above, Crosby's Motion for Leave to Proceed on Appeal *in forma pauperis* (Docket No. 27) is <u>DENIED</u> as defective. Crosby either must pay the $455.00 appellate filing and docketing fee, or he may file a renewed Motion for Leave to Proceed on Appeal *in forma pauperis* directly with the United States Court of Appeals for the First Circuit ("First Circuit"). <u>See</u> Fed. R. App. P. 24(a)(5).[2]

The Clerk is directed to transmit a copy of this Order to the First Circuit forthwith.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[2]Fed. R. App. P. 24(a)(5) provides:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of the district court's order denying the motion to proceed *in forma pauperis*]. The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. App. P. 24(a)(5).